This is an appeal from an order condemning a vehicle pursuant to § 20-2-93, Code 1975 (Supp. 1989).
The applicable part of that section is as follows:
"(a) The following are subject to forfeiture:
". . . .
 "(5) All conveyances, including . . . vehicles . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation . . . [or] receipt . . . of any property described in subdivision (1) or (2) of this subsection."
(emphasis added)
The "property described in subdivision (1)" is "[a]ll controlled substances which have been . . . acquired in violation of any law of this state." § 20-2-93(a)(1), Code 1975 (Supp. 1989).
The record reveals the following pertinent facts. On October 8, 1988, a white truck was observed by an undercover narcotics agent turning the corner on a Birmingham street. As the truck turned, a passenger held four fingers out the window.
Testimony from the undercover officer was that such action indicated the passenger wanted to purchase Dilaudid, an illegal drug. When the officer communicated to the passenger, the officer told him to drive around the block and then come back for the sale. The truck was then stopped several blocks away by a uniformed Birmingham policeman. The driver and passenger were questioned and then allowed to leave.
Two days later a white truck belonging to the appellant was seized by the Birmingham Police Department on the basis that it had been used or intended for use in those activities mentioned in § 20-2-93(a)(5). In short, the police maintained that it was the vehicle involved in the attempted purchase of the drug Dilaudid two days earlier. Appellant denied that his truck was used in those activities mentioned in § 20-2-93(a)(5). A hearing was held, and the court ordered that the truck be condemned.
When the state seeks to seize, condemn, and forfeit property under this statute, the statute must be strictly construed, and the state must establish by the evidence a prima facie case.State v. Walker, 503 So.2d 866 (Ala.Civ.App. 1987). Further, the standard of proof is reasonable satisfaction. Walker.
"Receipt," as it is used in drug forfeiture statutes, has been defined as "receiving for the purpose of sale or in some way to facilitate the sale of drugs. It does not mean possession merely." Reeder v. State, 294 Ala. 260,314 So.2d 853 (1975).
In this case, an alleged drug purchase was attempted with the condemned truck being the alleged vehicle containing the purported buyer. In other words, a passenger in the truck allegedly tried to buy drugs from an undercover police officer. This undercover police officer, who talked to the truck's occupants, identified appellant at trial as the one who attempted to make the purchase. However, no purchase was ever made, and the transcription of the recorded conversation indicates the passenger was attempting to purchase two pills.
In view of the definition of receipt in Reeder, and the strict construction we must apply to a forfeiture statute, we find that the state failed to establish a prima facie case to support the trial court's determination to condemn the vehicle. Consequently, this case is due to be reversed and remanded for a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur. *Page 333