This is an appeal of a denial of condemnation and forfeiture.
The record reveals that on February 14, 1990 members of the Marshall County Drug Unit traveled to the residence of Misty Smith and Charles Boykin to institute a search for controlled substances. While searching Smith's Chevrolet Malibu automobile, the officers discovered one marijuana cigarette butt. They also discovered a small amount of marijuana in the residence.
While the search was being conducted, Boykin, along with a female passenger, arrived at the scene in a Pontiac Fiero automobile. The officers searched the car and found several marijuana cigarette butts. The officers also found a bag of marijuana in the female passenger's purse. Boykin was searched and $121 was seized from him by the officers. Both vehicles were seized. Smith and Boykin were placed under arrest for possession of marijuana.
On March 23, 1990 a surveillance team of the Marshall County Drug Unit observed Smith, Boykin, and a male passenger meet with Ronald and Barbara Reneau at a Texaco gasoline station. The parties then drove to a nearby Burger King restaurant. Boykin, his passenger, and Ronald Reneau went into the restaurant, leaving Smith and Barbara Reneau outside in their respective cars. Smith was sitting in the passenger seat of a Dodge 600 which belonged to Boykin's father. The Reneaus' automobile was parked beside Boykin's automobile. The officers testified that Barbara Reneau got out of her car to talk to Smith. They said that Reneau reached into her car, removed a large bag of marijuana, and passed it to Smith inside the Dodge. After *Page 1376 
looking at it for a short period of time, Smith handed the bag back to Reneau, who put it into the back seat of her car. When the men came out of the restaurant, the officers converged on the group. The officers found three bags of marijuana in the Reneaus' automobile. No controlled substances and no significant amount of money were found on Boykin's person or in his automobile. The entire group was arrested for conspiracy. Boykin's Dodge was seized for violation of the drug laws.
In April 1990 the State filed actions against Smith and Boykin for the condemnation and forfeiture of the Chevrolet Malibu, the Pontiac Fiero, the Dodge 600, and the $121 that had been previously seized. The actions were consolidated. Following an ore tenus proceeding, the trial court ordered that all the property seized be returned to Smith and Boykin. The State appeals the trial court's decision to return the three automobiles. The State concedes that the trial court correctly returned the currency.
This action was initiated by the State pursuant to §20-2-93, Code 1975.
That statute provides, in pertinent part, the following:
"(a) The following are subject to forfeiture:
". . . .
 "(5) All conveyances, including . . . vehicles, . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation . . . [or] receipt . . . of any property described in subdivision (1) or (2) of this subsection."
The "property described in subdivision (1)" is "[a]ll controlled substances which have been . . . acquired in violation of any law of this state." § 20-2-93(a)(1).
Under § 20-2-93 the State must establish a prima facie case for the seizure, condemnation, and forfeiture of the property. Singleton v. State, 396 So.2d 1050
(Ala. 1981). The standard of proof is reasonable satisfaction.State v. Walker, 503 So.2d 866 (Ala.Civ.App. 1987). The statute is penal in nature and, as such, should be strictly construed. Walker.
The term "receipt," as used in § 20-2-93, has been defined as "receiving for the purpose of sale or in some way to facilitate the sale of drugs. It does not mean possession merely." Reeder v. State, 294 Ala. 260, 314 So.2d 853
(1975).
The trial court found that the State failed to make a prima facie case and stated the following:
 "Although it may be argued that the literal interpretation of section 20-2-93(a)(5), Code of Alabama, required the forfeiture of the three automobiles and possibly the currency, the Court declines to do so on the basis of one 'roach,' or upon the temporary possession of a quantity of marijuana, being immediately returned to another person. The Court is of the opinion that it was not the legislative intent to exact such harsh remedy for such minor infractions. . . .
 "Finally, there is no showing that Boykin, the driver of Smith's car, had any knowledge, possession or control of the marijuana found in [his female passenger's] purse. To hold otherwise would be to allow a stranger, having possession of a controlled substance and being a passenger in a vehicle, to be the basis for forfeiture of that vehicle. This fact situation could not be the basis of a criminal conviction for possession of controlled substance and should not, therefore, be the basis of a forfeiture under section 20-2-93(a)(5), Code of Alabama."
On review of an ore tenus proceeding, the trial court's finding is presumed to be correct unless it is shown to be contrary to the great weight of the evidence. Walker.
Our review of the evidence, in view of the attendant presumptions, supports the trial court's order. The State simply failed to present reasonably satisfying evidence that the statute was applicable. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 1377 
this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.