ROBERTSON, Presiding Judge.
On July 12, 1989, police seized a 1979 Chevrolet Corvette following a high-speed chase through Tuscaloosa and Pickens Counties. As a result, the driver, David Sellers, was arrested for the unlawful possession of marijuana. Subsequently, the state filed a complaint for condemnation and forfeiture of the car since it was used in the alleged transportation of a controlled substance. After Sellers failed to respond to the summons and complaint, the trial court entered a default judgment and ordered that the car be condemned and forfeited to the City of Northport for official use as provided by law.
Before the consummation of forfeiture proceedings, however, Ms. Nancy Lockhart filed a motion as an intervenor pursuant to Rule 24, Alabama Rules of Civil Procedure, alleging that she was the rightful owner of the car in question and asking the trial court to grant a hearing on the matter. In addition to scheduling such a hearing, the trial court also ordered a stay on all forfeiture proceedings until the ownership of the car was determined.
Following the presentation of ore tenus evidence, the trial court found that Ms. Lockhart had no proprietary interest in the car and ordered the resumption of the prior forfeiture proceedings.
Ms. Lockhart appeals and raises two issues for review: (1) whether due process in forfeiture proceedings requires notice by publication so that interested parties will have the opportunity to intervene and protect their interests; and (2) whether the trial court erred by failing to find that the car belonged to Ms. Lockhart.
In addressing the second issue first, we note that, in reviewing an ore tenus proceeding, the finding of the trial court is presumed to be correct unless it is shown that such finding is contrary to the great weight of the evidence. State v. Smith, 578 So.2d 1374 (Ala.Civ.App.1991).
Here, the trial court heard testimony from Ms. Gwen Guy that she originally owned the car before allowing her son, Kenneth Guy, to sell it for her for the sum of $4500. Although Ms. Lockhart introduced into evidence a certificate of title allegedly bearing two of Ms. Guy’s signatures, Ms. Guy testified that only one of those signatures actually was hers. Ms. Guy conceded that she did not see the person to whom her son had sold the car, but she also testified that she did not sell the vehicle to Ms. Lockhart. Another document introduced into evidence by Ms. Lockhart, which was an alleged bill of sale between Ms. Guy and Ms. Lockhart, showed the purchase price to be $4000, the amount Ms. Lockhart claims she paid Kenneth Guy for the car; however, Ms. Guy denied having ever seen that document and testified that the signature on it was not hers.
Ms. Lockhart’s testimony was that she purchased the car from Kenneth Guy for $4000, that she thereafter carried it to Sellers Auto Sales & Salvage to have some minor repairs made, and that she did not know David Sellers would be driving it on the occasion he was caught.
Kenneth Guy testified that he sold the car for his mother to David Sellers for $4500, and, that, although a girl was *317 present during the transaction, he did not believe it to be Ms. Lockhart. He also stated that Ms. Lockhart’s name never was on the bill of sale involved in the transaction and that he had never seen the document introduced into evidence by Ms. Lockhart as her bill of sale.
Also testifying was Ken Heimann, a narcotics officer for the Northport Police Department, who was present when David Sellers was arrested after the high-speed chase. Heiman testified that during questioning David Sellers stated that he was the owner of the vehicle, that he had purchased the car from Kenneth Guy, and that the bill of sale was in his pickup truck.
Where there is conflicting ore tenus testimony, it is the duty of the trial court to resolve the conflict and render a judgment accordingly, and such judgment is presumed correct upon appeal. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982).
After a careful review of the record, we cannot hold that the finding of the trial court is contrary to the great weight of the evidence. Smith. Since the proceeding allowed Ms. Lockhart the opportunity to protect any possible interest she might have had in the car, and the trial court found that she had none, we pretermit any discussion concerning her first issue regarding notice by publication. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.