This is an appeal from the denial of a condemnation brought pursuant to § 20-2-93, Code 1975.
On April 1, 1991, the State of Alabama filed a complaint against Lawrence Keener, $643.34 in lawful currency of the United States, one bracelet and seven rings, seeking forfeiture to the State of Alabama. Veronica Keener, the mother of Lawrence Keener, filed a claim for the $643.34 with supporting verification. Veronica Keener claimed that she was the sole owner of the currency and that the source of the money was through her employment and child support. She claimed by affidavit that she gave the money to her son, Lawrence Keener, to deposit into his savings account.
Following an ore tenus proceeding, the trial court entered a judgment in favor of Keener. The State argues on appeal that the trial court erred in rendering judgment in favor of Keener.
Our review of the instant case is limited by the ore tenus rule. On review of an ore tenus proceeding, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence. State v.Smith, 578 So.2d 1374 (Ala.Civ.App. 1991).
The State is required to establish by the evidence a prima facie case for the seizure, condemnation, and forfeiture of property under § 20-2-93. Singleton v. State, 396 So.2d 1050
(Ala. 1981). The standard of proof is reasonable satisfaction.Smith. We are mindful that the statute is penal in nature and, therefore, should be strictly construed. Smith.
In addition to the verified claim, the trial court received testimony from three police officers. Their testimony revealed that, after Keener was observed conducting a suspicious transaction, he was stopped, and a small plastic bottle containing cocaine residue was found in his shirt pocket. He was charged with unlawful possession of a controlled substance for which he later pled guilty. Upon being searched, $50 was removed from Keener's pants pocket and later, while being booked, almost $600 was found inside his left sock. While no findings of facts were made, the trial court apparently believed the mother's verified claim that the money was hers.
After a review of the record, in view of the presumed correctness, we cannot hold that the trial court's judgment is contrary to the great weight of the evidence, and this case is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., dissents.