On January 14, 1992, the Mobile County Sheriff's Department seized a 1983 Jaguar XJ6 automobile pursuant to a writ of seizure issued by the circuit court. The issuance of the writ was based on a deputy sheriff's affidavit alleging that the vehicle was purchased by John Lee with proceeds derived from the sale of controlled substances. Subsequently, John Agee, the brother-in-law of Lee, filed a motion to dismiss and for the return of the Jaguar, claiming that he was the true owner of the vehicle and that he knew nothing of his brother-in-law's involvement with drugs.
Following an ore tenus proceeding, the trial court found, inter alia, that:
 "1. John Lee. . . . [b]etween 1989 and late 1991, . . . imported approximately seventeen kilograms of cocaine into Mobile County from Houston, Texas. During this time frame, Mr. Lee derived all of his substantial income from the sale of cocaine. John Lee had no visible means of support other than the sale of drugs.
 "2. During this period, John Lee purchased several vehicles, some of which are the subjects of this forfeiture action. John Lee made it a practice to place these vehicles in the name of some other individual as a means of concealing his interest in the property and protecting them from forfeiture.
 "3. On the 19th of September 1991, John Lee went to Dean's Auto Sales in Mobile, AL . . . for the purpose of purchasing an inexpensive vehicle, costing between $500 and $1,000. On arriving at Dean's, however, John Lee saw and sought to buy the Jaguar at issue in this case, placing a $1,000 deposit on it.
 "4. Later that day, John Lee called his associate, Lafrance Pettway, and told him to get together some money so that he, John Lee, could buy the Jaguar. Lafrance Pettway was John Lee's assistant, and aided him in the importation and sale of cocaine.
 "5. Lafrance Pettway got together $3,000 to $4,000 in drug money and gave it to John Lee. This was money which Lafrance Pettway had obtained from others who were selling cocaine on his behalf. Pettway had provided them with cocaine which he, in turn, had obtained from John Lee.
 "6. John Lee used this money to obtain a cashier's check with the help of his brother-in-law, John Agee. This check was used to purchase the Jaguar."
The trial court concluded that the vehicle "was purchased with monies [derived from] the sale of cocaine" and ordered that the Jaguar be forfeited pursuant to § 20-2-93(a)(9), Code 1975. The automobile was *Page 962 
awarded to the Mobile County Sheriff's Department. Agee appeals.
While Agee raises other issues concerning whether the vehicle was used or intended for use to transport, etc., any controlled substance or whether Agee had knowledge of such use, the dispositive issue is whether the State proved by sufficient evidence that the Jaguar was "derived from . . . any proceeds obtained directly, or indirectly, from any violation of any law of this state concerning controlled substances." §20-2-93(a)(9), Code 1975. This code section, which amended §20-2-93, was enacted by Act No. 88-651, 1988 Ala. Acts, and entitled "The Drug Profits Forfeiture Act of 1988." The forfeiture statute is penal in nature and must be strictly construed. $9,886.00 United States Currency v. State,541 So.2d 27 (Ala.Civ.App. 1989).
A civil forfeiture action is not an action in personam against the owner or claimant of the property; rather, it is an action in rem against the property itself. United States v. OneParcel of Property, 964 F.2d 814 (8th Cir. 1992). Because the State is proceeding against the "offending" property, the guilt or innocence of the property's owner is constitutionally irrelevant. One Parcel.
The trial court found the facts in this case to be similar to those in the federal case of United States v. Four Parcels ofReal Property, 941 F.2d 1428 (11th Cir. 1991). In that case the United States instituted forfeiture proceedings against a bulldozer, alleging that the dozer was purchased with proceeds from illegal drug transactions. The appellate court determined that the government had demonstrated, as a matter of law, that it had probable cause to believe that the dozer had a substantial connection to illegal drug transactions. The Eleventh Circuit Court of Appeals has defined "probable cause" as a " 'reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion' — the same standard used to determine the legality of arrests, searches, and seizures in criminal law." Four Parcels at 1440 (quoting earlier cases). In federal court, the necessary level of proof is greater than mere suspicion, but is less than prima facie proof. Instead, the government need only show probable cause to believe that a substantial connection exists between the property and an illegal exchange of a controlled substance.Four Parcels; One Parcel.
Our state appellate courts have consistently held that the State must establish by the evidence a prima facie case for the forfeiture of property under § 20-2-93. Valeska v. Keener,606 So.2d 150 (Ala.Civ.App. 1992) (cert. denied, Oct. 30, 1992);Hayden v. State ex rel. Galanos, 513 So.2d 638 (Ala.Civ.App. 1987). The standard of that prima facie proof is reasonable satisfaction. Keener. If the State fails to present reasonably satisfying evidence that the property sought to be forfeited was derived from proceeds obtained from any violation of any law of the state concerning controlled substances, the forfeiture proceeding must fail. State v. Smith, 578 So.2d 1374
(Ala.Civ.App. 1991). On review of an ore tenus forfeiture proceeding, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence. Smith.
We find that the record clearly reflects sufficient testimony and evidence to support the findings of the trial court. That evidence, set out in the trial court's judgment and partially quoted above, clearly established a prima facie case for the forfeiture of the vehicle pursuant to § 20-2-93(a)(9). Once the State met this burden, the burden shifted to Agee to show that the vehicle was not subject to forfeiture, i.e., that it was not "derived from . . . any proceeds obtained directly, or indirectly, from any violation of any law of this state concerning controlled substances."
Agee testified that he had saved the money with which the vehicle was purchased over a period of five to ten years and that he had kept the money, in cash, at home. The trial court found that Agee had testified falsely and that his testimony was unbelievable. Other evidence reflects that it would have been improbable for Agee to save that amount of money given his annual gross income, which averaged around $10,000. Where there is conflicting ore tenus testimony, *Page 963 
it is the duty of the trial court to resolve the conflict and to render a judgment accordingly. Lockhart v. State ex rel.Freeman, 590 So.2d 315 (Ala.Civ.App. 1991). Also, when a witness does not testify truthfully to a material fact, the trial court may disregard that witness's testimony altogether.James v. James, 532 So.2d 1031 (Ala.Civ.App. 1988). We find that Agee failed to rebut the prima facie case established by the State.
While the trial court found that Agee was, in fact, the title owner of the vehicle, a certificate of title to an automobile is only prima facie evidence of ownership, which can be contradicted by other evidence. Eleven Automobiles v. State,384 So.2d 1129 (Ala.Civ.App. 1980). Also, proof of title of any property sought to be forfeited under § 20-2-93(a)(9) is of little probative value since "people engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name." UnitedStates v. One 1977 36 Foot Cigarette Ocean Racer, 624 F. Supp. 290,294-95 (S.D.Fla. 1985) (quoted in United States v. FourParcels, 941 F.2d at 1442).
Agee also contends on appeal that the trial court showed a predisposition for the State and a bias against him. He has cited no authority for his proposition and has raised this issue for the first time on appeal. We cannot reverse the trial court on this issue. Rule 28, Alabama Rules of Appellate Procedure; Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212
(Ala. 1990). The trial court's judgment of forfeiture is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.