Following an ore tenus proceeding, the trial court entered a judgment, condemning and forfeiting $9,828 in United States currency pursuant to § 20-2-93, Ala. Code 1975. The currency was seized from the residence and person of Maurice Wherry during Wherry's arrest for possession of cocaine. Section20-2-93(a)(4), as amended in 1988, subjects to forfeiture any money used or intended to be used to facilitate a violation of any law of this state concerning controlled substances.
Wherry appeals, contending that the search of his residence and his person and the seizure of the money were illegal; that the proper burden of proof was by substantial evidence and not by reasonably satisfying the trial court; that there was insufficient evidence to forfeit and condemn the money seized from him and his residence; and that the trial court improperly admitted character evidence at trial.
As to Wherry's first issue, we note that in his appeal to the Court of Criminal Appeals, Wherry argued that the search of his residence and his person and the seizure of the cocaine and the money were illegal. The Court of Criminal Appeals, without opinion, affirmed the conviction, declining to hold the search and seizure illegal. Wherry v. State, 618 So.2d 153
(Ala.Cr.App. 1993). This court also declines to hold that the search of Wherry and his residence and the seizure of the money were without probable cause and illegal.
Wherry also contends that the proper burden of proof was by substantial evidence and that there was insufficient evidence to forfeit and condemn the money seized from him and his residence. Section 20-2-93(a)(4), Ala. Code 1975, was enacted by the legislature in 1988 by Act No. 88-651, entitled "The Drug Profits Forfeiture Act of 1988." This act amended § 20-2-93 and omitted § 20-2-93(a)(4)(d)(1), Ala. Code 1975, which had provided that no lawful currency of the United States could be forfeited and condemned except by an affirmative finding *Page 1355 
by the trier of fact, either a judge or a jury, that the trier of fact was "reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act."
The trial court found that it was "reasonably satisfied from the evidence and inferences attendant thereto that the currency seized was used or intended for use in a transaction which would be in violation of the Alabama Controlled Substances Act." However, Wherry contends that because the legislature omitted § 20-2-93(a)(4)(d)(1) and did not reenact a specific burden of proof, then the proper burden of proof is bysubstantial evidence, pursuant to § 12-21-12[1], Ala. Code 1975, and not by reasonable satisfaction.
A civil forfeiture action is not an action in personam against the owner or claimant of the property; rather, it is an action in rem against the property itself. United States v. OneParcel of Property, 964 F.2d 814 (8th Cir. 1992). Because the State is proceeding against the "offending" property, the guilt or innocence of the property's owner is irrelevant. Id.
In the federal case of United States v. Four Parcels of RealProperty, 941 F.2d 1428 (11th Cir. 1991), the Eleventh Circuit Court of Appeals determined that the Government had demonstrated that it had probable cause to believe that a bulldozer had a substantial connection to illegal drug transactions. The court in that case defined probable cause as a " 'reasonable ground for belief of guilt, supported by lessthan prima facie proof but more than mere suspicion' — the same standard used to determine the legality of arrests, searches, and seizures in criminal law." Id. at 1440 (emphasis added). Consequently, the federal government's burden of proof is greater than mere suspicion, but is less than prima facie proof. Id.
Our state appellate courts, however, have consistently held that the State must establish by the evidence a prima facie case for the forfeiture of property under § 20-2-93 and that the standard of proof to establish a prima facie case isreasonable satisfaction. Agee v. State ex rel. Galanos,627 So.2d 960 (Ala.Civ.App. 1993); State ex rel. Valeska v.Keener, 606 So.2d 150 (Ala.Civ.App. 1992), cert. denied,606 So.2d 150 (Ala. 1992); State v. Smith, 578 So.2d 1374
(Ala.Civ.App. 1991); Hayden v. State ex rel. Galanos, 513 So.2d 638
(Ala.Civ.App. 1987).
We find that while the legislature eliminated the necessity of an affirmative finding by the trier of fact, it did not intend to change the burden of proof. Absent legislative action requiring a greater burden of proof, we hold that the State must establish by the evidence a prima facie case for the forfeiture of the property, and the standard of proof isreasonable satisfaction. Agee; Keener; Smith; and Hayden,supra. This burden is greater than required in federal court.Four Parcels, supra.
At the ore tenus proceeding on April 13, 1993, the State presented evidence from police officer Edward Smith, who obtained and executed a search warrant on Wherry's Huntsville residence. The search led to Wherry's arrest for possession of cocaine and to the seizure of the contested currency. Smith, an investigator for the City of Huntsville Police Department, testified that he obtained the search warrant based on "controlled buys," in which Smith had arranged for a confidential informant to purchase crack cocaine from Wherry at his residence. Smith testified that on several occasions he gave the informant money, a total of $400, to make "controlled buys" of controlled substances from Wherry. Smith had previously recorded the serial numbers of the bills. The informant was searched before entering Wherry's residence and again when he departed Wherry's residence. The informant entered Wherry's residence with only the "buy" money and departed with only crack cocaine.
Smith obtained the search warrant for Wherry's residence on May 20, 1991, and he executed the warrant on May 23, 1991. *Page 1356 
Smith testified that during the search of Wherry's residence Wherry led him to crack cocaine in his bedroom in a dresser drawer; however, Smith said Wherry denied that there was any money in his residence. Smith testified that, during his search of Wherry's residence, he found $30 in a "Crown Royal" bag; $120 in a dresser drawer; $175 in a nightstand; $1300 in a sock in a dresser drawer; a Beretta .22 caliber long rifle; a 9 millimeter Smith Wesson handgun; a set of digital scales and a garbage bag containing $6,250 under the bed; $615 in a Central Bank bag under the bed; $400 in a jacket pocket in the hall closet; $160 in a purse in the bedroom; $10 from a First National Bank bag in the living room; another .22 caliber gun; $768 on Wherry's person; and a file box of personal papers in the rear bedroom. The "buy" money was commingled with the money found in the bag containing $6,250. A total of $9,828 was seized during the search. We note that Wherry was tried and convicted of the unlawful possession of a controlled substance (cocaine) and was sentenced to 20 years in prison, however, Wherry's conviction is irrelevant to this forfeiture proceeding. One Parcel, supra.
We find that the record reflects sufficient testimony and evidence to clearly established a prima facie case for the forfeiture of the money and to reasonably satisfy the trial court that the money was "used or intended to be used to facilitate any violation of any law of this state concerning controlled substances." § 20-2-93(a)(4). Once the State met this burden, the burden shifted to Wherry to show that the money was not subject to forfeiture. After carefully reviewing the record, we conclude that Wherry failed to rebut the State's prima facie case.
Lastly, Wherry contends that the testimony of Sgt. Rex Reynolds, an officer with the City of Huntsville Police Department, as to Wherry's reputation in the community as a "drug dealer" requires a reversal of the judgment of the trial court because, he says, that testimony was improper character evidence. "A judgment will not be reversed on the ground of improper admission of evidence unless, after an examination of all the evidence, it appears that the error complained of has injuriously affected substantial rights of a party."Whisenant v. Nationwide Mutual Fire Insurance Co.,577 So.2d 909, 911 (Ala. 1991) (citations omitted); Rule 45, Ala.R.App.P. Before Reynolds gave the objectionable testimony, Officer Smith had testified, without objection, that he had been investigating Wherry for three years for distribution of cocaine. Additionally, Sgt. Reynolds had testified, without objection, that he had participated in several investigations of Wherry concerning his dealing in cocaine. We find that the admission of Reynolds's characterization of Wherry was harmless error. Rule 45, Ala.R.App.P. The objectionable testimony was cumulative, at most, and merely supported a fact that was clearly shown by other evidence.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
[1] This Code section abolished the scintilla rule of evidence in all civil actions in the courts of the state of Alabama.