This is an appeal from a judgment in a forfeiture action brought by the State pursuant to Ala. Code 1975, § 20-2-93. The police seized $3,462 from the person and the automobile of Maurice Wherry. Section 20-2-93, as amended in 1988, subjects to forfeiture any money used, or intended to be used, in facilitating any violation of Alabama's controlled substances law. The trial court, following a hearing, ruled that it was reasonably satisfied that the money seized from Wherry was being used, or was intended to be used, in violation of the Alabama Controlled Substances Act, and, therefore, that the money was subject to forfeiture. Wherry appeals.
A vice and narcotics investigator with the Huntsville Police Department received an informant's tip indicating that Wherry was involved in cocaine transactions in a hotel room. Using "marked money," the informant made a controlled buy on January 14, 1992, and during that purchase he observed a cocaine transaction between Wherry and another individual. The hotel room was placed under surveillance, and on January 15, 1992, based on the activity observed during the surveillance, the investigator left the scene to procure a search warrant. Before the investigator returned, Wherry and three other individuals had left the hotel room. The remaining surveillance officers followed Wherry, stopped his car, questioned him, and placed him in their police car. Wherry and his car were searched, and $3,462 was found and confiscated.
Wherry raises three issues for our review: (1) whether the trial court improperly denied his motion to suppress evidence and statements that were obtained without a warrant and, he says, without probable cause; (2) whether the trial court imposed the appropriate burden of proof; and, (3) whether there was sufficient evidence to require forfeiture of the money seized.
Wherry first contends that he was stopped and searched without probable cause. We disagree. "[P]robable cause exists whenever all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed." State v. Hammac, 546 So.2d 392, 396
(Ala.Crim.App. 1989). Based on the facts recited, and the evidence presented at trial regarding the reliability of the informant, we conclude that the evidence supported a finding of probable cause. See also, Rickman v. State, 361 So.2d 28, 30 (Ala. 1978) ("an informant's tip may be sufficient to substantiate 'probable cause' ").
Additionally, we find no violation of Wherry's Fourth Amendment rights in the fact that the investigator had not returned with the warrant at the time the officers made the arrest. See Hammac, supra. The record reveals conflicting testimony as to the chronology of events after Wherry was stopped and as to whether he voluntarily consented to a search of his car and his person. Our Court of Criminal Appeals has noted certain exceptions to the warrant requirement. Chevere v.State, 607 So.2d 361 (Ala.Crim.App. 1992). One exception is "probable cause coupled with exigent circumstances." Id. at 368. The search of Wherry and his automobile comes within the "exigent circumstances" exception. This is especially true in light of the fact that the police knew that Wherry was involved in criminal activity and the fact that he was leaving the scene where this activity took place. See Rickman, supra.
Next, we consider the State's burden of proof in its action to seize Wherry's property. Wherry argues that the State was required to produce "substantial evidence" from which the trial court could determine that his property was subject to forfeiture. He argues that the trial court erred in using the "reasonable satisfaction" standard. He further *Page 892 
argues that proof to the reasonable satisfaction of the trial court was the applicable standard before the 1988 revision of § 20-2-93. The statutory provision, as revised, omitted the words "reasonably satisfied" and provided no substitute. Therefore, he argues, other applicable law must be consulted to determine the proper burden of proof.
Ala. Code 1975, § 20-2-93 (as revised), is penal in nature and must be strictly construed. Agee v. State ex rel. Galanos,627 So.2d 960 (Ala.Civ.App. 1993). To properly seize, condemn, and submit property to forfeiture pursuant to § 20-2-93, the State must first make a prima facie case, and the requisite burden of proof is to the trial court's reasonable satisfaction. Agee, supra; State v. Smith, 578 So.2d 1374
(Ala.Civ.App. 1991). We find no error on this issue.
Finally, Wherry contends that even if this court holds that there was probable cause and that the trial court imposed on the State the proper burden of proof, the evidence produced at trial failed to connect the money seized with a violation of this State's controlled substance laws.
The State had to prove that the money seized was: (1) furnished or intended to be furnished by Wherry in exchange for a controlled substance; (2) traceable to such an exchange; or, (3) used or intended to be used to facilitate a violation of any law of this state concerning controlled substances. Ala. Code 1975, § 20-2-93(a)(4); $1,568.00 U.S. Currency v.State, 612 So.2d 497 (Ala.Civ.App. 1992). Factual findings based on ore tenus evidence are presumed correct. Id. On appeal, these findings will not be disturbed unless they are so unsupported by the evidence as to be plainly erroneous. Id.
Wherry argues that his uncontested testimony explained the large amount of cash on his person and in his car. A complete recitation of the evidence is unnecessary. A careful review of the record, however, shows conflicting statements made by Wherry. Additionally, the trial court heard testimony indicating that on the day before he was stopped, Wherry was observed participating in a drug deal. He was observed in the hotel room placed under police surveillance; upon his leaving that room he was followed and arrested. Money seized from Wherry upon his arrest included marked money used by the police informant in the controlled buy.
Based on the foregoing, and in view of the attendant presumption, this court finds sufficient evidence to support the trial court's findings. Accordingly, the trial court's judgment based on those findings is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.