This is an appeal of a condemnation and forfeiture of $1,226 in U.S. currency and a 1982 Eldorado Cadillac automobile.
The record reflects that on January 7, 1994, investigators of the Dallas County Sheriff's Department, while on patrol, saw a 1982 Eldorado Cadillac run a stop sign. The investigators turned on their blue light and began to pursue the automobile. The driver accelerated the automobile and ran another stop sign. The investigators then turned on their siren. During the pursuit, the investigators saw a black bag thrown from the automobile. The automobile subsequently came to a halt. The investigators retrieved the black bag. It had 8 small plastic bags containing crack cocaine in it. The driver of the automobile was identified as Jerry Lee Vaughn.
Vaughn was arrested at the scene. The investigators searched Vaughn and found $226 on his person. He was taken into custody and transported to the county jail. He signed a consent to search his residence and accompanied the officers to his residence. At the time, he was living with his parents. The only place searched in the house was Vaughn's room. In his room the investigators found two sets of scales, a razor blade, crack cocaine, $1,000 in cash, rolling paper, and sandwich bags.
Upon return to the jail, Vaughn executed a Miranda rights waiver form and made a statement. He stated that he had been selling crack cocaine for approximately 3 1/2 months. Vaughn was unemployed at the time of the arrest. He has a prior record of selling controlled substances.
A motion for condemnation and forfeiture was filed against the 1982 Eldorado Cadillac and the $1,226 belonging to Vaughn. Following a hearing, the trial court ordered the condemnation and forfeiture of the automobile and the currency. Vaughn appeals, pro se.
This action was initiated by the State pursuant to § 20-2-93, Code 1975, as amended in 1988.
That statute provides, in pertinent part, the following:
"(a) The following are subject to forfeiture:
". . . .
 "(4) . . . all moneys . . . used or intended to be used to facilitate any violation of any law of this state concerning controlled substances;
 "(5) All conveyances, including . . . vehicles . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation . . . [or] receipt . . . of any property described in subdivision (1) or (2) of this subsection."
The "property described in subdivision (1)" is "[a]ll controlled substances which have *Page 1041 
been . . . acquired in violation of any law of this state." § 20-2-93(a)(1).
Under § 20-2-93 the State must establish a prima facie case for the seizure, condemnation, and forfeiture of the property.State v. Smith, 578 So.2d 1374 (Ala.Civ.App. 1991). The standard of proof is reasonable satisfaction. Wherry v. State,637 So.2d 890 (Ala.Civ.App. 1994); Smith. The statute is penal in nature and, as such, should be strictly construed. Smith.
Following oral proceedings, the trial court's finding is presumed to be correct unless it is shown to be contrary to the great weight of the evidence. Smith. After a careful review of the record, we conclude that the evidence and circumstances, with reasonable inferences, support the trial court's determination that the State met its burden. Such a finding is supported by the following evidence: Vaughn's discard of the bag containing 8 individual bags of crack cocaine; the drug paraphernalia found in his room; the amount of money found on his person and in his room, together with the fact that he was unemployed and had no visible means of support; and his statement to the investigators that he had been selling crack cocaine for approximately 3 1/2 months.
Once the State met its burden, the burden shifted to Vaughn to show that the money and the automobile were not subject to forfeiture and condemnation. Vaughn represented himself at trial. He failed to present any significant evidence to rebut the State's prima facie case.
We find no error. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.