RICHARD L. HOLMES, Retired Appellate Judge.
This is a consolidated appeal from forfeiture proceedings filed pursuant to Ala.Code 1975, § 20-2-93. The trial court ordered a 1984 Nissan 300ZX automobile and $2,619 in U.S. currency to be forfeited to the Mountain Brook Police Department.
Our review of the record reveals the following: At approximately 2:40 a.m. on January 20, 1994, a police officer from the City of Mountain Brook stopped Willie James Grant for a routine traffic violation. The police officer requested that Grant step out of the vehicle, and Grant complied with that request. The police officer testified that he obtained permission from Grant to search the vehicle, a 1984 Nissan 300ZX. A search of the vehicle revealed a loaded pistol and a plastic bag that contained some ammunition, which did not fit the pistol previously found, and a small amount (.02 grams) of a green leafy substance, which the police officer believed to be marijuana.
Grant was arrested for possession of a pistol without a permit and for possession of marijuana. At the police station, when the police officers began removing personal property from Grant, they discovered in Grant’s wallet a Sam’s card, belonging to Grant, with a white residue on it. The officers believed this white residue to be cocaine. A field test or quick test was conducted, and this white residue tested positive for narcotics.
The police officers found $219 in small bills in Grant’s right rear pants pocket. The police officers also found additional money in two plastic baggies in the inside pocket of the jacket that Grant was wearing at the time of his arrest.
On February 9, 1994, the State filed two separate petitions. One of the petitions was directed to Grant and alleged that the $2,619 in U.S. currency found on his person “was furnished or was intended to have been furnished in exchange for a controlled substance, cocaine, in violation of the law of the State of Alabama, or was used or was intended to have been used to facilitate a violation of a law of the State of Alabama concerning controlled substances.... ”
The second petition was directed to Henry Payne, who is the stepfather of Sonya Carmichael, Grant’s “girlfriend.” Payne had purchased the 1984 Nissan 300ZX for Carmichael’s use. This petition alleged that the 1984 Nissan 300ZX, which Grant was driving at the time of his arrest, “was being used, or was intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of cocaine, a controlled substance, in violation of and contrary to Section 20-2-93(a)(5), Code of Alabama, 1975.”
After a hearing, the trial court issued an order, wherein it determined that both the 1984 Nissan 300ZX and the $2,619 in U.S. currency “[were] used, or intended for use in a transaction which would be a violation of *22 the Alabama Controlled Substances Act.” Both the vehicle and the currency were declared to be contraband and were condemned and forfeited to the State of Alabama.
Grant and Carmichael appeal. The appeals were consolidated.
It is well settled that in order for property to be seized, condemned, and forfeited pursuant to § 20-2-93, the State must establish a prima facie case by reasonably satisfying evidence. Agee v. State ex rel. Galanos, 627 So.2d 960 (Ala.Civ.App.1993); State v. Smith, 578 So.2d 1374 (Ala.Civ.App.1991). Because the statute is penal in nature, it must be strictly construed. State v. Smith, 578 So.2d 1374; Miller v. State, 567 So.2d 331 (Ala.Civ.App.1990).
Section 20-2-93 provides, in pertinent part:
“(a) The following are subject to forfeiture:
[[Image here]]
“(4) All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; and all moneys ... used or intended to be used to facilitate any violation of any law of this state concerning controlled substances;
“(5) All conveyances ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of any property described in subdivision (1) or (2) of this subsection.”
In the present case Carmichael testified that Grant, her live-in boyfriend, borrowed the car from her at approximately 9:00 p.m. and that occasion was the last time that she saw her car. Carmichael stated that there were no illegal drugs in her car at the time that Grant borrowed it. She also stated that the pistol, the ammunition, and the cellular phone found in the car did not belong to her.
The arresting officer testified that the bag containing the marijuana was in the rear storage compartment of the 1984 Nissan 300ZX, which is a hatchback, and he admitted that he does not know whether Grant knew that the bag was there. The arresting officer also testified that when he stopped Grant, it was the first time that he had seen Grant or the car and that the area where he stopped Grant (Highway 280 in Mountain Brook) is not known as a high drug trafficking area. The officer indicated that, as far as he knows, no prints were taken off the bag containing the ammunition and the marijuana. The officer further testified that when he asked where Grant got the money, Grant mentioned something about having just come from some type of card game.
The State failed to show that either Grant or Carmichael knew that the drugs were in the car. The State also failed to prove that the money was used or intended to be used in a drug transaction.
In view of the above, we cannot find that the State established a prima facie case by reasonably satisfying evidence that either the car or the currency “was used, or intended for use in a transaction which would be a violation of the Alabama Controlled Substances Act.” Miller, 567 So.2d 331; State v. Smith, 578 So.2d 1374. Consequently, forfeiture under the statute was not proper in this case, and the judgment of the trial court must be reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.