The State of Alabama filed a complaint against Charlie Pointer for condemnation and forfeiture of Pointer's house and one acre of land. About a quarter of an ounce of marijuana had been found in the house, and *Page 42 
between 20 to 25 marijuana plants had been found on the parcel of land. After an ore tenus proceeding, the trial court ordered both the house and land condemned and forfeited. Pointer appeals.
The evidence presented at trial tended to show the following. John Tribble, a pilot under contract to the State of Alabama, testified that on August 10, 1992, he was flying over Lawrence County looking for marijuana. He said he spotted some marijuana plants in a pig pen and directed officials of the Department of Public Safety to the area. Law enforcement officials found a total of about 45 marijuana plants growing in the pig pen and in a garden near Pointer's house. One marijuana plant was found growing between the garden and the house.
Deputy Bill Carraway, of the Lawrence County Sheriff's Department, testified that Pointer, an elderly man, came home while law enforcement officials were at his house. Pointer was given his Miranda warnings. According to Carraway's testimony, Pointer told Carraway he wanted to be honest about the situation and said he was growing marijuana because "his check had been cut by the government and that was the only way he knew of to make a living." Carraway said he asked Pointer if he had any marijuana in the house. Pointer took him to a bedroom in the house, pulled two sacks of marijuana from a drawer, and handed them to him. Carraway said the marijuana found in the house totalled about a quarter of an ounce, and it was not packaged for sale. Police did not search the house for more marijuana. Carraway said that Pointer was helpful in showing law enforcement officials where the marijuana plants were growing, and that about half of the plants were in Pointer's garden, which was about 30 to 40 feet behind the house. The other plants were in the pig pen, which did not belong to Pointer, but was where Pointer kept his pigs.
Pointer contends that the trial court violated his right to due process and breached the Rules of Civil Procedure by ordering the forfeiture of Pointer's property upon evidence that, he says, did not conform to the pleadings. Therefore, he alleges, he had no notice. Because Pointer raises this issue for the first time on appeal, the issue is not properly before this court.
Pleadings are automatically amended to conform to the evidence when issues are tried by the express or implied consent of the parties. Rule 15(b), Ala.R.Civ.P.;Associates Financial Services v. Barbour, 592 So.2d 191, 197
(Ala. 1991). The record shows that Pointer did not object at any time during the hearing to a variance between the proof and the pleadings and that he did not raise the issue in his motion for new trial. Pointer failed to preserve this issue for our review.
Pointer next argues that the trial court rendered a judgment contrary to the great weight of the evidence. Specifically, he says, the quarter ounce of marijuana found in his house and what he calls the "possibility of only a few marijuana plants growing on the property" is insufficient evidence to support the trial court's judgment ordering the condemnation and forfeiture of his property.
"All real property or fixtures used or intended to be used for the manufacture, cultivation, growth, receipt, storage, handling, distribution, or sale of any controlled substance in violation of any law of this state" is subject to forfeiture. Ala. Code 1975, § 20-2-93(a)(8). The State must establish a prima facie case for the forfeiture of property under §20-2-93. Valeska v. Keener, 606 So.2d 150 (Ala.Civ.App. 1992) (cert. denied, Oct. 30, 1992). The State's standard of proof in a condemnation action is reasonable satisfaction. State v.Smith, 578 So.2d 1374 (Ala.Civ.App. 1991). On review of an ore tenus forfeiture proceeding, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence. Id.
As discussed above, because Pointer did not object to the variance between the original pleadings and the proof, by implied consent the pleadings were automatically amended to conform to the evidence. Rule 15(b), Ala.R.Civ.P. The uncontroverted evidence shows that Pointer was growing about 45 marijuana plants. About half of the plants were being cultivated in the garden, which was on his property. *Page 43 
The State's evidence shows to a reasonable satisfaction that Pointer was growing and cultivating marijuana on the one-acre parcel of land. The evidence was sufficient, therefore, for the State to establish a prima facie case for forfeiture of the parcel of land. Once the State met its burden, the burden shifted to Pointer to show that the land was not subject to forfeiture. Agee v. State ex rel. Galanos, 627 So.2d 960, 962
(Ala.Civ.App. 1993). Pointer presented no evidence to rebut the State's prima facie case. The judgment of the trial court as to the one acre parcel of land is not against the great weight of the evidence; therefore, the trial court did not err in ordering that the land be condemned and forfeited.
However, we hold that the evidence was insufficient to support the judgment ordering the condemnation and forfeiture of Pointer's house. Deputy Carraway testified that about a quarter of an ounce of marijuana was found in the house. He said that the marijuana was not packaged for sale. There is no evidence in the record that Pointer was using his house as a place to store marijuana, or that he was selling or distributing marijuana from the home. There is no evidence that items associated with the sale of marijuana, such as scales, ledgers, plastic sandwich bags, or cash, were found in the house. There was no evidence presented showing that Pointer was using or intending to use the house to prepare the marijuana for sale. Several law enforcement officials testified that they had no evidence that Pointer had ever bought or sold drugs. In other words, the no evidence does not make a prima facie case supporting the condemnation and forfeiture of the house. To seek the condemnation and forfeiture of Pointer's house on the sole basis that one quarter of an ounce of marijuana was in the house is an egregious abuse of the state's civil forfeiture law.
Therefore, that portion of the trial court's judgment ordering that Pointer's house be condemned and forfeited is against the great weight of the evidence and is due to be reversed; as to the house Pointer is entitled to a judgment in his favor.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
ROBERTSON, P.J., and CRAWLEY, J., concur;
THIGPEN and YATES, JJ., concur in part and dissent in part.