MONROE, Judge.
This case involves the forfeiture of an automobile under § 20-2-93, Ala.Code 1975 (a part of the Alabama Uniform Controlled Substances Act, § 20-2-1 et seq.).
The appellant, Cedric Williams, owns the 1981 Oldsmobile Cutlass at issue. The trial court ordered the vehicle condemned and forfeited because it found that Williams was transporting marijuana on his person while driving the vehicle. The facts are as follows: On November 5, 1993, two deputy sher *592 iffs/narcotics agents pulled Williams’s vehicle over for speeding. Neither deputy had a ticket book at the time; Deputy Dempsey testified that they intended to stop Williams to warn him to slow down. Deputy Goodman, who was driving, testified that he recognized the vehicle as belonging to Williams, because he had seen Williams in the vehicle on previous occasions. Goodman also testified that he had received tips from an informant indicating that Williams was selling narcotics. Upon initial contact with Williams, who had gotten out of the vehicle, Deputy Goodman asked Williams for his driver’s license and asked whether there were any drugs in the vehicle. Williams responded, “No, you can look.” Deputy Goodman looked inside the vehicle and saw a rock that he believed to be crack cocaine on the driver’s side floorboard. Deputy Odom, another narcotics agent who had arrived on the scene, confirmed Goodman’s opinion that the object could be cocaine. Deputy Goodman placed Williams under arrest for possession of cocaine, and then asked Williams if there was a gun in the car. Williams said that there was a gun in the trunk. After transporting Williams to jail, Deputy Dempsey searched Williams and found .9 ounce of marijuana in a bag in his pants. The rock that Deputy Goodman believed to be crack cocaine was subsequently tested by Allen Adair of the Department of Forensic Sciences, who testified that the rock was merely a pebble.
The trial court held a suppression hearing on August 29, 1994, regarding the evidence obtained in the search of the automobile and the marijuana found in Williams’s pants. The State then filed this civil action, seeking a forfeiture of the automobile that Williams was driving when he was arrested. Williams’s attorney stipulated that the evidence presented at the suppression hearing could be used to determine the forfeiture issue, without a further hearing. The trial court held that the search that produced the evidence was valid and found that the automobile had been used by Williams for transporting drugs on his person; and it ordered the automobile forfeited. Williams appeals.
Williams alleges that the trial court erred when it denied his motion to suppress the evidence; he contends that the evidence was obtained as a result of a pretextual detention, an unlawful arrest, and an unlawful search.
The State argues that Williams failed to preserve the issue of the validity of the search because he did not reiterate his objection to the evidence in the civil case. However, we note that a separate hearing was not held to determine the forfeiture. The forfeiture issue was determined solely on the testimony heard at the suppression hearing, much of which was elicited to show that the search was invalid. The suppression hearing was held because Williams sought to exclude the evidence from use at trial. Furthermore, the trial court ordered the automobile forfeited, “having considered the evidence in [the] suppression hearing and having found the search herein is valid.” While we recognize that an issue that is not raised in the trial court cannot be considered on appeal, $1,568.00 U.S. Currency v. State, 612 So.2d 497 (Ala.Civ.App.1992), we find that the constitutional issue of the validity of the search was presented to the trial court, because the trial court considered the testimony from the suppression hearing, and based its order on a holding that the search was valid. See, e.g., Duck v. State, 518 So.2d 857, 858 (Ala.Crim.App.1987). The trial court was, in effect, apprised of the alleged error and was given an opportunity to act thereon. Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212 (Ala.1990).
Thus, we address Williams’s contention that the evidence admitted against him to secure the forfeiture of his automobile was obtained in violation of his Fourth Amendment right against unreasonable searches and seizures and should have been suppressed in the civil forfeiture proceeding.
On review of an ore tenus forfeiture proceeding, the trial court’s judgment is presumed correct and will not be reversed unless the record shows it to be contrary to the great weight of the evidence. State v. Smith, 578 So.2d 1374 (Ala.Civ.App.1991). In the present case, the testimony at the suppression hearing, and thus the evidence consid *593 ered in the forfeiture proceeding, was presented ore tenus to the trial court.
Section 20-2-93, Ala.Code 1975, is penal in nature and therefore must be strictly-construed. State v. Smith, supra. To obtain forfeiture, the state must establish a prima facie case by presenting evidence that creates a reasonable satisfaction that the property at issue is subject to forfeiture. Agee v. State ex. rel Galanos, 627 So.2d 960, 962 (Ala.Civ.App.1993). A forfeiture of property cannot be properly based on evidence obtained in violation of fundamental constitutional rights. Nicaud v. State, 401 So.2d 43 (Ala.1981). Thus, evidence obtained by an illegal search and seizure must be excluded in a forfeiture proceeding. $4,320.00 U.S. Currency v. State, 567 So.2d 352 (Ala.Civ.App.1990).
Williams contends that the evidence against him is tainted because, he argues, the initial traffic stop was pretextual. He contends that the deputies actually stopped him to search for drugs, although they lacked probable cause for such a search. We decline to make this factual determination, because we find that the arrest was unlawful and, therefore, that the evidence should be suppressed.
Subject to a few exceptions, the Fourth and Fourteenth Amendments of the United States Constitution require a holding that a search conducted without a warrant issued on probable cause is unreasonable. Brannon v. State, 549 So.2d 532, 536 (Ala.Crim.App.1989). The search that resulted in finding the marijuana that was used as evidence against Williams in the civil forfeiture proceeding was a strip search conducted at the police station following Williams’s arrest. Thus, this search could fall within the “incident to lawful arrest” exception to the exclusionary rule. Id. To determine the validity of the séarch, we must determine the validity of the arrest for cocaine possession.
An Alabama law enforcement officer may make a warrantless arrest if the officer has probable cause to believe that a felony has been or is being committed. Rule 4.1(A)(1)(i), Ala.R.Crim.P. “An officer has probable cause when, at the time the arrest is made, the facts and circumstances within his knowledge, and of which he has reasonably trustworthy information, are sufficient to lead a prudent person to believe that the suspect is committing or has committed an offense.” Brannon v. State, supra, at 538 (citation omitted). Additionally, a mere suspicion in a police officer’s mind that an offense has been committed is not sufficient justification for a warrantless arrest. Id. at 539.
At the time of Williams’s arrest, Deputy Goodman had allegedly received tips from a confidential informant indicating that Williams had been involved in drug dealing. Deputy Goodman looked into the passenger compartment of the car, saw what he thought was rock cocaine lying on the driver’s side floorboard, and based the arrest on this evidence.
At the suppression hearing, Deputies Goodman and Odom testified that they knew of field tests that can be performed that would have proven that the rock was not cocaine. They testified that if they had attempted to cut the rock with a knife or a like object, and found that it would not cut, they would have known that it was not cocaine. There are apparently other field tests that can be performed to allow an officer to determine whether an object may be a controlled substance. Deputies Goodman and Odom, both narcotics officers, each stated that he had never performed any of the available field tests.
We believe that these facts are not reasonably trustworthy to allow a prudent person to believe that the offense of cocaine possession was being committed. The pebble thought to be cocaine was found on the floorboard of an automobile, a place where pebbles are likely to be found, and was in no way packaged as illegal drugs usually are. Testimony at the suppression hearing established that the pebble bore the general appearance of pebbles often found around the town in which Williams was arrested. Tests as simple as attempting to cut the rock would have indicated to the deputies conclusively that it was not cocaine. We find that the deputies’ belief that Williams was in possession of cocaine was an unsubstantiated suspicion, an unrea *594 sonable belief, which cannot justify a war-rantless arrest.
Because the arrest was not based on a warrant or on probable cause, it was illegal. The fruit of the arrest, i.e., the marijuana found on Williams’s person during the strip search at the jail, was tainted by the violation of Williams’s constitutional rights and should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Brannon, supra, at 539. It does not matter that evidence of illegal drug possession was found after the arrest, because contraband discovered after an arrest will not justify the arrest. Id. Because the only evidence supporting the forfeiture was the marijuana, the forfeiture cannot stand. The trial court’s conclusion that the search revealing the marijuana was lawful was contrary to the great weight of the evidence presented regarding the search and seizure; we reverse the trial court’s judgment and remand for proceedings consistent with this opinion.
Because we reverse the trial court’s judgment, we need not address Williams’s contention that the forfeiture constituted excessive punishment or violated his right against double jeopardy.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.