MADDOX, Justice
(dissenting).
The Court of Civil Appeals reversed a judgment directing a forfeiture of a 1984 Toyota Supra automobile pursuant to § 20-2-93, Ala.Code 1975. Robbs v. State ex rel. Whetstone, 674 So.2d 1301 (Ala.Civ.App.1995). I must respectfully disagree with the majority’s decision to deny the State’s petition for certiorari review.
The Court of Civil Appeals held: “The State failed to present any evidence that ... the Toyota was used, or was intended to be used, in violation of the Controlled Substances Act.” Based on the allegations of the State’s certiorari petition, I would grant the State’s petition in order to review this holding.
James Derrell Hobbs, the brother of Kimberly Robbs, a/k/a Kimberly Hobbs, was arrested on February 18, 1994, inside a pool hall in Fairhope after he had sold drugs to a police informant. Hobbs had in his possession at the time of the arrest 37 pieces of crack cocaine, $479, and a set of keys. The keys included the key to the Toyota, which was parked directly in front of the pool hall.
During the forfeiture proceedings, Ms. Robbs testified that her brother, James Der-rell Hobbs, had given her over $7,000 to purchase the automobile. According to her testimony, Hobbs had received that money from an accident settlement. Ms. Robbs stated that she also owned another automobile and that Hobbs had permission to drive the Toyota whenever he needed to, but equivocated so as to say that he did not have “blanket” permission. Ms. Robbs testified that she had driven the Toyota to the pool hall where Hobbs was, and that she left the keys with Hobbs and walked home. She also testified that she was pregnant at that time.
Hobbs was arrested as a result of an investigation that had lasted a year and a half. The investigation was conducted by narcotics officer Steve Griffis. Griffis testified that during this investigation he had lived in the Fairhope community and was familiar with Hobbs and his reputation of being a drug dealer. After the arrest, the police impounded the Toyota. When they searched it, they found personal belongings of Hobbs, but no drugs or drug paraphernalia.
Officer Griffis testified that he had seen Hobbs driving the Toyota on numerous occasions, but had never seen Kimberly Robbs driving it. Griffis further stated that Hobbs told him “that the car was his, [and] that he had to buy the car in Kimberly [Robbs’s] name.”
Testimony was also presented from Police Officer David Wilson, who had arrested Hobbs in December 1993. On that occasion, Officer Wilson had noticed Hobbs driving the same Toyota in a residential neighborhood. He testified that on that occasion he had believed Hobbs “was casing the neighborhood.” On that occasion, Officer Wilson made Hobbs pull over. Hobbs had no identification and claimed to- be a lost construction worker trying to find a construction site. Hobbs’s claim raised Officer Wilson’s suspicions more because Hobbs was not wearing appropriate clothing for construction work. Wilson then arrested Hobbs, based on an outstanding warrant. In a subsequent search of the Toyota, Wilson found crack cocaine in the glove compartment. Ms. Robbs testified that she had known of her brother’s December 1993 arrest and that he was arrested in the Toyota that had been purchased in her name.
The state filed a complaint against Hobbs and Ms. Robbs, seeking the forfeiture of the vehicle pursuant to § 20-2-93. Ms. Robbs alleged that she was an innocent titleholder under § 20-2-93(h), which provides:
*1306 “An owner’s or bona fide lienholder’s interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission subjecting the property to forfeiture was committed or omitted without the owner’s or lienholder’s knowledge or consent and that the owner or lienholder could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use.”
After an ore tenus hearing, the trial court ordered forfeiture of the vehicle. Section 20-2-93 provides for the forfeiture of a vehicle if the State presents sufficient evidence to establish that the vehicle was used or intended to be used to facilitate the commission of a drug offense. Agee v. State ex rel. Galanos, 627 So.2d 960, 962 (Ala.Civ.App.1993). The State must present evidence making a prima facie case for forfeiture, subject to the standard of “reasonable satisfaction.” Agee, 627 So.2d at 962. Where evidence is presented to the trial court ore tenus, a presumption of correctness exists as to the court’s findings on issues of fact; its findings on those issues will not be disturbed unless they are clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877, 878 (Ala.1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981); see also Agee at 962.
It appears to me that the State presented sufficient evidence to prove that the automobile was used or was intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances. Furthermore, the State presented sufficient evidence to prove that Ms. Robbs was not an innocent titleholder under § 20-2-93(h). Based on these facts, it appears to me that the State’s evidence, although circumstantial, was probably more than sufficient to meet the State’s burden of proof under the ore tenus standard of review. At the least, I find probable merit in the State’s petition; I would grant it in order that the question could be briefed and argued. Consequently, I must dissent.
HOOPER, C.J., concurs.