MONROE, Judge,
dissenting.
Because I would affirm the judgment of the trial court, I must respectfully dissent. I agree with Judge Crawley that § 12-21-13, Ala.Code 1975, which deals with identifying the chain of custody for physical evidence, does not apply in civil forfeiture cases. I could find no other authority requiring that the chain of custody for physical evidence be shown in a civil forfeiture case. Furthermore, I do not believe we should impose such a requirement.
The forfeiture statute, § 20-2-93, Ala. Code 1975, allows the State to condemn property, money, aircraft, vehicles, and other items used or intended to be used to facilitate violation of any of the State’s drag laws. Often, the forfeiture comes about based on law enforcement’s knowledge of a drug purchase or sale, but the actual drugs are no longer present. For example, if an automobile is shown to have been purchased with proceeds from the sale of drugs, the automobile is subject to forfeiture even though the drags used in the transaction are no longer present.
The State must establish a prima facie case for the forfeiture of property under Ala.Code 1975, § 20-2-93. State ex rel. Valeska v. Keener, 606 So.2d 150 (Ala.Civ. *13 App.1992) (cert. denied, 606 So.2d 150 (Ala.Civ.App.1992)). The State’s standard of proof in a condemnation action is reasonable satisfaction. State v. Smith, 578 So.2d 1374 (Ala.Civ.App.1991). I believe the State can establish a prima facie case without showing the chain of custody involved for physical evidence.
Property cannot properly be forfeited if evidence is obtained in violation of fundamental constitutional rights. Nicaud v. State, 401 So.2d 43 (Ala.1981). However, failure to show a chain of custody does not rise to the level of infringing upon those rights.
However, even if the State must show the chain of custody of the controlled substances serving as the basis of a forfeiture, I believe that in this case there is a weak link in the chain; I do not agree with the majority that there is a break in the chain of custody.
The State is required to identify each link in the chain and then show three criteria with regard to each link: (1) receipt of the item; (2) the ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) the safeguarding and handling of the item between receipt and disposition. Ex parte Holton, 590 So.2d 918 (Ala.1991) (emphasis added). Furthermore, even a break in the chain does not render the evidence inadmissible, it merely serves to lessen the weight of the evidence. § 12-21-13, Ala.Code 1975. Because the State’s burden of proof in a forfeiture case is to a reasonable satisfaction, I believe that the State can certainly meet its burden of proof even if there is a weak link or break in the chain of custody.
My only concern in this case is that forfeiture of Radford’s Maxima automobile upon a finding of a total of 3.46 grams of cocaine may constitute an excessive fine. See, Ex parte Kelley, 766 So.2d 837 (Ala.1999). However, the issue whether the forfeiture constitutes an excessive fine is not before this court. Issues not argued in a party’s brief are waived. Pardue v. Potter, 632 So.2d 470 (Ala.1994); Deutcsh v. Birmingham Post Co., 603 So.2d 910 (Ala.1992); Reed v. Tucker, 598 So.2d 840 (Ala.1992); Bogle v. Scheer, 512 So.2d 1336 (Ala.1987); Boshell v. Keith, 418 So.2d 89 (Ala.1982).