664 So.2d 238 (1995)
Lee Andrew SHEPHERD
v.
STATE of Alabama.
AV93000712.
Court of Civil Appeals of Alabama.
February 24, 1995.
On Application for Rehearing April 7, 1995.
Certiorari Denied May 26, 1995.
Charles E. Caldwell, Birmingham, for appellant.
James H. Evans, Atty. Gen., and Steve Willoughby, Deputy Atty. Gen., for appellee.
Alabama Supreme Court 1941047.
SAM A. BEATTY, Retired Justice.
Lee Andrew Shepherd appeals from the forfeiture of $9,097 in United States currency under § 20-2-93, Ala.Code 1975. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
Law enforcement officers searched Shepherd's residence for cocaine and marijuana under the authority of a search warrant. After knocking and receiving no response, the officers forced entry through the front door and immediately observed Shepherd running toward what was discovered to be a *239 bedroom. His two daughters were in the den.
The officers conducted the search and found 1.83 grams of "crack" cocaine and 1.48 grams of marijuana in small plastic bags on the floor in the corner of the bedroom where they found Shepherd. The officers also found a supply of crack bags, or "baggies." In addition, the officers found 9,840.75 grams, or 21.68 pounds, of compressed marijuana in the attic on the edge of an attic fan. According to one of the officers, because this marijuana was green, he determined that it was not old. The officers testified that they searched the attic after observing scuff marks on the wall leading to the attic door.
The search also disclosed $280 in the top of a nightstand in the master bedroom, $630 in a paper sack in that bedroom, $7,000 in a case inside a dresser in that bedroom, $430 in coins in a locked box in the same place, $490 in a bag in the den, and $300 in Shepherd's wallet. The State sought and obtained the forfeiture of $9,137, but subsequently filed a motion to amend the final judgment to reflect a total of $9,097 in condemned currency.
Shepherd testified that he had no prior knowledge of the cocaine and marijuana and that while he had occupied the house, over at least a four-year period, he had never been in the attic. He contended that he had run into the bedroom to get his shotgun because, he said, he thought intruders were breaking in. The officers did not seize any firearms during the search, however. Shepherd also testified that he and his daughters saw one of the officers place cocaine under his bed and that some of the other officers placed the marijuana in the attic. He denied selling drugs and contended that the money was derived from other sources: from the operation of a car wash, a convenience store, and a tire store, and from buying and selling used cars. A part of the money, he asserted, came from a settlement of a lawsuit involving his son's accidental death at his tire store. Specifically, he claimed that the $7,000 found in the dresser was to be used to purchase a car at a sale, and that the coins came from drink machines at his businesses.
The State's burden under § 20-2-93 was to prove that the currency seized was money "used or intended to be used to facilitate any violation of any law of this state concerning controlled substances." As this court has previously held, "[t]he standard of proof was reasonable satisfaction." $1,568.00 U.S. Currency v. State, 612 So.2d 497, 499 (Ala.Civ.App.1992). The record discloses that the State met its burden of proof. The large amount of cash found on Shepherd's person and in proximity to the cocaine and marijuana packaged as if for sale, together with the discovery of green marijuana in a quantity suggesting trafficking, could, and doubtless did, reasonably satisfy the finder of fact, hearing evidence presented ore tenus, that the currency seized was being used to facilitate the violation of laws concerning controlled substances. Cf. Wherry v. State ex rel. Brooks, 637 So.2d 1353 (Ala.Civ.App. 1994). The trial court's findings are presumed correct unless clearly contrary to the great weight of the evidence. State v. Smith, 578 So.2d 1374 (Ala.Civ.App.1991).
Shepherd argues that the State's pursuing a civil action for forfeiture of the seized currency in addition to indicting him on criminal charges constitutes double jeopardy in violation of the Fifth Amendment and an excessive fine in violation of the Eighth Amendment. Those constitutional questions were not raised below; thus, they cannot be considered in this court. Agee v. State ex rel. Galanos, 627 So.2d 960 (Ala.Civ.App.1993).
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.

ON APPLICATION FOR REHEARING
SAM A. BEATTY, Retired Justice.
The application for rehearing is due to be dismissed on the authority of Thomas v. State, 363 So.2d 1020 (Ala.Crim.App.1978); *240 and De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130 (Ala.Ct.App.1948).
APPLICATION DISMISSED.
All the Judges concur.