Freddy Holloway appeals from the trial court's judgment, wherein the trial court determined that "the ELEVEN THOUSAND SIX HUNDRED EIGHTY DOLLARS ($11,680.00) [IN] U.S. CURRENCY, in issue was used, or intended for use, in a transaction which would be a violation of the Alabama [Controlled] Substances Act." Holloway contends that the trial court committed reversible error when it determined that the State had presented sufficient evidence to meet its burden of proof for the forfeiture of the currency, pursuant to § 20-2-93, Ala. Code 1975. We agree.
In February 1999, a Daphne police officer observed Holloway driving his vehicle without a tag on U.S. Highway 98 in the City of Daphne. After Holloway drove into the parking lot of the Eastern Shore Motel, he and his two passengers exited the vehicle. The police officer approached Holloway and asked him why he did not have a car tag. Holloway told the police officer that he had purchased the vehicle earlier that day. The police officer observed a large bundle of cash near the driver's seat and asked Holloway for consent to search the vehicle. Holloway consented to the search.
The search revealed $11,680 in U.S. currency and "quite a bit of marijuana stems and seeds on the floorboard." The detective investigating the case testified that he did not take the marijuana stems and seeds into evidence and that he does not recall anyone under his authority taking the marijuana stems and seeds into evidence. Although neither Holloway nor any of his passengers was ever charged with possession of marijuana or with driving a car without a tag, the Daphne Police Department seized the currency and the vehicle.
Holloway's vehicle was returned to him when the Daphne police were satisfied that he had just purchased the vehicle that day and that it was not involved in, or related to, a drug transaction. However, the State filed a petition requesting that the currency be forfeited and condemned to the State for use for law-enforcement purposes because, it said, "[b]ased upon investigation by law enforcement officials it is believed that the money seized from Freddy L. Holloway on or about February 10, [1999,] is drug proceeds or was being used to violate [the] Alabama [Controlled] Substances statutes." After a hearing, the trial court granted the State's petition, and this appeal followed.
In State v. Smith, 578 So.2d 1374, 1376 (Ala.Civ.App. 1991), this court stated:
 "Under § 20-2-93 the State must establish a prima facie case for the seizure, condemnation, and forfeiture of the property. The standard of proof is reasonable satisfaction. The statute is penal in nature and, as such, should be strictly construed."
(Citations omitted.) In Agee v. State ex rel. Galanos, 627 So.2d 960,962 (Ala.Civ.App. 1993),[1] this court stated: *Page 477 
 "If the State fails to present reasonably satisfying evidence that the property sought to be forfeited was derived from proceeds obtained from any violation of any law of the state concerning controlled substances, the forfeiture proceeding must fail. On review of an ore tenus forfeiture proceeding, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence."
(Citations omitted.)
One of the detectives from the Daphne Police Department testified to the following at the hearing:
 "Q. Did you arrest anybody for a drug transaction involving this money?
"A. No, sir.
 "Q. Did you even trace this money back to any specific drug transaction or any transaction [in] violation of the Alabama controlled substances law?
"A. No, sir.
"Q. Did you try?
"A. No, sir."
The record clearly shows the following: Neither Holloway nor any of his passengers was ever even charged with possession of marijuana, even though the search of Holloway's automobile revealed the $11,680 in U.S. currency and "quite a bit of marijuana stems and seeds on the floorboard"; Holloway's automobile was returned to him because the Daphne Police Department was reasonably satisfied that the automobile was not involved in, or related to, a drug transaction; and the authorities were unable to trace the $11,680 in U.S. currency back to "any specific drug transaction or any transaction [in] violation of the Alabama controlled substances law." In light of the foregoing, the judgment of the trial court, which found the currency "was used, or intended for use, in a transaction which would be a violation of the Alabama [Controlled] Substances Act," is contrary to the great weight of the evidence. SeeAgee v. State ex rel. Galanos, 627 So.2d at 962. Thus, we must reverse the trial court's judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates and Crawley, JJ., concur.
Thompson, J., concurs in the result.
[1] We note that in Wilhite v. State, 689 So.2d 221, 224
(Ala.Crim.App. 1996), the Court of Criminal Appeals stated:
 "To the extent that our holding in the present case conflicts with the holding of the line of Alabama cases [stating] that § 20-2-93, Ala. Code 1975, is penal in nature, the holding of that line of cases is overruled. See e.g., Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975); Agee v. State, 627 So.2d 960
(Ala.Civ.App. 1993)."
However, the Court of Criminal Appeals recognized that it did not have the authority to overrule Alabama Supreme Court and Court of Civil Appeal cases and explained the above-quoted statement in footnote 5 of Money v.State, 717 So.2d 38, 48 (Ala.Crim.App. 1997).