PER CURIAM.
 

 Charles Wayne Williams appeals from a judgment ordering the condemnation and forfeiture of $4,280. The following facts were elicited from the testimony given at the forfeiture hearing. Williams was driving on a state highway in Covington County when State Trooper Steven Kelly noticed Williams’s speeding vehicle. Trooper Kelly’s radar indicated that Williams was traveling 70 miles per hour in a 55-mile-per-hour zone. Trooper Kelly stopped Williams for speeding; a passenger was also in the vehicle. Williams did not have a driver’s license with him, so Trooper Kelly conducted a computer search to determine whether Williams was licensed to drive. The search retrieved information indicating that Williams was on probation after being convicted of a controlled-substance offense.
 

 Trooper Kelly asked Williams for permission to search the vehicle, and Williams gave his consent. A second trooper, Jeff Spivey, arrived at the scene, and he and Trooper Kelly searched Williams’s vehicle. In the center console of the vehicle, they discovered a plastic baggie containing what appeared to be crack cocaine. Williams and his passenger were arrested, and Trooper Kelly conducted a pat-down search of Williams pursuant to the arrest. He found $4,280 in Williams’s back pants pocket. Williams claimed that he had received the money from an insurance payment, but he was unable to produce proof of his contention, either at the scene or at trial. Trooper Spivey stated that, in his opinion, based upon his experience, the cash was from the sale of drugs. Trooper Kelly testified that, at the time of the arrest, he had no evidence indicating that Williams was using the money to facilitate a drug transaction. Despite the lack of evidence, the money was confiscated and this forfeiture action was initiated.
 

 After the ore tenus hearing on the forfeiture issue, the trial court found that the currency had been used or intended to be used to facilitate a violation of the state’s controlled-substances statutes. Williams appeals, contending that the judgment ordering the forfeiture of the money was against the great weight of the evidence.
 

 “On appellate review of a ruling from a forfeiture proceeding at which the evidence was presented
 
 ore tenus,
 
 the trial court’s findings of fact are presumed to be correct and the judgment will be reversed only if it is contrary to the great weight of the evidence.
 
 Holloway v. State ex rel. Whetstone,
 
 772 So.2d 475, 477 (Ala.Civ.App.2000). In other words, a trial court’s judgment based on
 
 ore tenus
 
 evidence will not be reversed absent a showing that it amounts to an abuse of discretion.
 
 Hillegass v. State,
 
 795 So.2d 749, 753 (Ala.Civ.App.2001).
 

 “In
 
 King v. State,
 
 938 So.2d 967 (Ala. Civ.App.2006), this court discussed the State’s burden when it seeks to have property condemned pursuant to the civil-forfeiture statute.
 

 ““““Under § 20-2-93 [Ala.Code 1975,] the State must establish a pri-ma facie case for the seizure, condemnation, and forfeiture of the property.
 
 *5
 
 The standard of proof is reasonable satisfaction. The statute is penal in nature and, as such, should be strictly construed.” ’ ”
 
 Ex parte McConathy,
 
 911 So.2d 677, 681 (Ala.2005) (quoting
 
 Holloway v. State ex rel. Whetstone,
 
 772 So.2d [475] at 476 [ (Ala.Civ.App. 2000) ], quoting in turn
 
 State v. Smith,
 
 578 So.2d 1374, 1376 (Ala.Civ.App. 1991)).’
 

 “King,
 
 938 So.2d at 970.”
 

 Atkins v. State,
 
 16 So.3d 792, 795 (Ala.Civ.App.2009).
 

 Section 20-2-93(a)(4), Ala.Code 1975, provides for the forfeiture of
 

 “[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of any law of this state concerning controlled substances.”
 

 In
 
 Agee v. State ex rel. Galanos,
 
 627 So.2d 960, 962 (Ala.Civ.App.1993), this court stated, “[i]f the State fails to present reasonably satisfying evidence that the property sought to be forfeited was derived from proceeds obtained from any violation of any law of the state concerning controlled substances, the forfeiture proceeding must fail.” “The mere presence of money in the proximity of controlled substances is insufficient to justify the forfeiture of the money.”
 
 Ex parte McConathy,
 
 911 So.2d 677, 682 (Ala.2005), citing
 
 Gatlin v. State,
 
 846 So.2d 1090 (Ala.Civ.App.2002).
 

 In
 
 Holloway v. State ex rel. Whetstone,
 
 772 So.2d 475, 477 (Ala.Civ.App.2000), this court reversed a judgment ordering the forfeiture of currency discovered in a vehicle where marijuana stems and seeds also were discovered. This court explained its decision as follows:
 

 “Neither Holloway nor any of his passengers was ever even charged with possession of marijuana, even though the search of Holloway’s automobile revealed the $11,680 in U.S. currency and ‘quite a bit of marijuana stems and seeds on the floorboard’; Holloway’s automobile was returned to him because the Daphne Police Department was reasonably satisfied that the automobile was not involved in, or related to, a drug transaction; and the authorities were unable to trace the $11,680 in U.S. currency back to ‘any specific drug transaction or any transaction [in] violation of the Alabama controlled substances law.’ In light of the foregoing, the judgment of the trial court, which found the currency ‘was used, or intended for use, in a transaction which would be a violation of the Alabama [Controlled] Substances Act,’ is contrary to the great weight of the evidence.”
 

 Id.
 
 at 477.
 

 Similarly, in
 
 Gatlin,
 
 supra, this court reversed the trial court’s judgment ordering the forfeiture of $4,100 in cash discovered in the console of the truck driven by Gatlin, who had a reputation as a drug dealer. On top of the console, police had found a prescription bottle containing the controlled substance dihydrocodeinone. The prescription label had been partially torn, and no patient name was legible. This court’s rationale for reversing the judgment was stated as follows:
 

 “The mere proximity of the drugs to the cash in Gatlin’s vehicle did not satisfy the State’s burden of proof.
 
 See Thompson v. State,
 
 [715 So.2d 224 (Ala.Civ.App.1997) ]. Our forfeiture cases have found the following circumstances to be indicative of contemplated or completed drug transactions: a large quanti
 
 *6
 
 ty of drugs,
 
 see, e.g., Shepherd v. State,
 
 664 So.2d 238 (Ala.Civ.App.1995) (21 pounds of marihuana); drugs packaged for sale,
 
 see, e.g., Pointer v. State,
 
 668 So.2d 41 (Ala.Civ.App.1995); drug paraphernalia or accouterments indicating sale, such as ‘baggies’ or scales,
 
 see, e.g., Johnson v. State,
 
 667 So.2d 105, 108 (Ala.Civ.App.1995). None of those circumstances, nor an equivalent circumstance, is present in this case.”
 

 Gatlin,
 
 846 So.2d at 1092-93.
 

 In this case, $4,280 in cash was discovered in Williams’s pocket, and a single baggie containing what appeared to be crack cocaine was discovered in the console of the vehicle Williams was driving. The record does not disclose the amount of crack cocaine contained in the baggie. No drug paraphernalia or accouterments of illegal-drug transactions were found in the vehicle. Trooper Kelly admitted that there was no evidence to connect the cash with the sale of drugs. In its judgment, the trial court noted that, although Williams had stated that he had obtained the currency from an insurance payment, he had not offered any evidence to prove his assertion. However, the burden was not on Williams to prove where he obtained the money; the burden was on the State to prove that the money was used, or intended for use, in a transaction which would be a violation of the Aabama Controlled Substances Act.
 
 Thompson v. State,
 
 715 So.2d 224 (Ala.Civ.App.1997); and
 
 Holloway,
 
 772 So.2d 475. The record indicates that the State failed to meet its burden of presenting evidence that tended to connect the money with a drug transaction.
 

 Based upon the authority cited above, we conclude that the trial court’s judgment ordering the forfeiture of the currency discovered in Williams’s pocket is against the great weight of the evidence. Accordingly, the judgment is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ„ concur.
 

 BRYAN, J., concurs in the result, without writing.